UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chyvon N. Crockett, | ) | CASE NO. 1: 11 CV 555 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Ashtabula, Ohio, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

The following motions are pending before the Court: Defendants' Motion for Judgment on the Pleadings (Doc. 6) and Plaintiff's Motion for Leave to File First Amended Complaint *Instanter* (Doc. 14). For the reasons stated below, Plaintiff's Motion for Leave to File First Amended Complaint *Instanter* is granted; Defendants' Motion for Judgment on the Pleadings is denied.[1]

**I. Background.**

---

[1] As reflected on the Court's docket, plaintiff did not file a formal opposition to defendants' Motion for Judgment on the Pleadings but, rather, responded to defendants' motion by filing her Motion to for Leave to File First Amended Complaint. Defendants subsequently filed a "Brief in Opposition to Plaintiff's Motion to Amend/Reply in Support of their Motion for Judgment on the Pleadings" (Doc. 15), and plaintiff filed a reply in connection with her motion (Doc. 16). Although plaintiff did not follow the customary motion practice procedures, both parties had a full opportunity to present their respective motions and to respond to their opponents' motion. In considering the motions, the Court construed plaintiff's Motion for Leave to File First Amended Complaint as her opposition to defendants' Motion for Judgment on the Pleadings and considered all of defendants' arguments as against plaintiff's proposed First Amended Complaint.

This action, originally filed in the Ashtabula, Ohio Court of Common Pleas, arises out of the plaintiff's arrest by Ashtabula police officers on February 16, 2010.  Plaintiff alleges the following facts.  On or about February 16, 2010, plaintiff went to the 500 Block of West 41st Street in Ashtabula, Ohio in response to a call she received from her cousin, Omar Wells. (Complt. ¶ 10.)  Plaintiff encountered Defendants William Felt, William Parkomaki, and Rodney Blaney, Ashtabula police officers, who had previously placed Wells under arrest. (*Id.*, ¶ 11.)  Defendant Parkomaki approached plaintiff after speaking with her and asked her to leave. (*Id.*, ¶ 12.)  Plaintiff opened the door to her vehicle so that she could get in and start her vehicle and leave the scene; however, as plaintiff put her left foot on the running board of her vehicle and her right foot into the vehicle, she was attacked by Defendant Felt, who grabbed plaintiff's right hand and pushed her head into the vehicle door/window. (*Id.*, ¶¶ 13, 14.)  Subsequently, Felt shot plaintiff with a taser gun, and plaintiff either fell to the pavement or was dragged there by Felt and Parkomaki. (*Id.*, ¶ 15.)  While lying in the street, plaintiff was tasered multiple times. (*Id.*, ¶ 16.)  Plaintiff was then handcuffed, placed in a police cruiser, and transported to Ashtabula County jail, where she was incarcerated. (*Id.*, ¶ 19.) While at the jail, plaintiff was denied her request for medical attention regarding probes from the taser gun that were stuck in her body near her spine. (*Id.*, ¶¶ 20-24.)

Plaintiff alleges that at all times relevant to her arrest, she did not resist arrest, pose any threat to the safety of the officers, or attempt to evade arrest by fleeing. (*Id.*, ¶¶ 27, 28.) Nevertheless, plaintiff was charged with resisting arrest pursuant to Ohio Rev. Code § 2921.33(A) and obstructing official business in violation of Ashtabula Codified Ordinance § 52.07. (*Id.*, ¶ 29.)

Plaintiff's original complaint alleges two federal causes of action, a claim under 42 U.S.C. § 1983 against Officers Felt, Parkomaki, and Blaney for unreasonable seizure and excessive force (first cause of action) and a Section 1983 claim against the City of Ashtabula and Police Chief Robert Stell for alleged improper training and supervision of its employees (second cause of action).  The original complaint alleges four state law claims against Officers Felt, Parkomaki and Blaney:  intentional infliction of emotional distress (third cause of action); assault and battery (fourth cause of action); false arrest (fifth cause of action); and malicious prosecution (sixth cause of action).

Defendants contend they are entitled to judgment on the pleadings as to all of plaintiff's claims.  Their main argument is that plaintiff is precluded, under the doctrine of collateral estoppel, from asserting the alleged constitutional and state law claims as a result of a no-contest plea plaintiff entered to the charge of resisting arrest in Ashtabula Municipal Court.[2]  According to defendants, plaintiff's no-contest plea, and subsequent conviction for resisting arrest in Ashtabula Municipal Court, collaterally estops plaintiff from asserting all of the claims.  (Def. Br. 3-4; 12-13.)

Plaintiff does not dispute that she was convicted of resisting arrest after entering a no-contest plea, but she seeks to file a First Amended Complaint, eliminating her state law claims for false arrest and malicious prosecution as well as her allegations of unreasonable seizure. She disputes that her conviction has preclusive, collateral estoppel effect as to the claims now alleged in her First Amended Complaint.  The claims include:  a constitutional claim for the

---

[2]  To demonstrate plaintiff's no-contest plea, Defendants refer to a certified copy of plaintiff's conviction, attached as an exhibit to their Answer to plaintiff's Complaint.

3

use of excessive force under Section 1983 against the defendant officers (first cause of action); a claim under Section 1983 against the City of Ashtabula and its Robert Stell for failure to adequately train and supervise employees in the use of force (second cause of action); intentional infliction of emotional distress (third cause of action); and assault and battery (fourth cause of action).  (First Am. Complt.)  Plaintiff contends the Court should allow her First Amended Complaint because these claims are not barred by collateral estoppel and defendants will suffer no prejudice by amendment at this early stage.

## II. Standards of Review

1. Motion for Judgment on the Pleadings

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *Vickers v. Fairfield Med. Ctr.,* 453 F.3d 757, 761 (6th Cir. 2006).  In order to survive dismissal, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must contain sufficient factual material to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

2. Motion for Leave to Amend Complaint

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a pleading should be "freely

given when justice so requires." Whether justice requires allowing leave is left to the sound discretion of the trial court. *United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989).

### III. Discussion

As stated above, defendants contend plaintiff's no-contest plea and subsequent conviction for resisting arrest collaterally estop her from asserting all of her underlying substantive legal claims. Defendants' reasoning is that plaintiff could have but did not raise the issue of excessive force during her criminal proceeding; therefore, she is collaterally estopped from challenging the use of force used against her now. Defendants contend plaintiff's state law assault and battery and infliction of emotional distress claims are barred because the municipal court conviction conclusively establishes the lawfulness of the force used against her in all respects.

However, plaintiff cites an on-point and relevant Sixth Circuit decision in which the Sixth Circuit held that a no-contest plea does not bar a subsequent Section 1983 claim for excessive force. *See Sigley v. Kuhn*, Case Nos. 98-3977, 99-3531, 2000 WL 145187 (6th Cir. Jan. 31, 2000). In *Sigley*, as here, a plaintiff entered a no-contest plea to a charge of resisting arrest in state court in connection with a traffic incident and then later brought a Section 1983 action asserting that involved police officers used excessive force. The defendants argued that the plaintiff was barred from pursuing the Section 1983 claim based upon entry of the no-contest plea. The Sixth Circuit acknowledged that, under Ohio law, "collateral estoppel precludes relitigation in a second action of an issue which has been actually and necessarily litigated and determined in a prior action by the parties" and that, generally, issues decided in state court criminal proceedings are entitled to preclusive effect in subsequent Section 1983

5

actions.  *Sigley*, 2000 WL 145187, at *3.  However, the Sixth Circuit held that the issue of whether excessive force was used  "was neither actually litigated nor necessary to a determination on [a] charge of resisting arrest in state court" where the conviction resulted from a no-contest plea.  The Sixth Circuit reasoned that, in this situation, the state court entering the conviction did not hear any evidence surrounding the conduct of the officer or the plaintiff and never had to make an actual determination as to the legality of the officer's conduct.  *Id.*  Thus, *Sigley* held that collateral estoppel did not bar the plaintiff's subsequent excessive force claim.

Defendants argue that *Sigley* was wrongly decided.  However, *Sigley* is persuasive and demonstrates that plaintiff's Section 1983 excessive force claim is not barred by collateral estoppel, particularly at this pleadings stage, where the record contains no specific facts concerning plaintiff's state court conviction.[3]  *Sigley*'s reasoning likewise applies to plaintiff's state law claims, which challenge the level and amount of force used against her.

---

[3] In contrast, defendants' cases are distinguishable.  For example, in *White v. Ebie*, Case No. 98-3958, 1999 WL 775914 (6th Cir. Sept. 24, 1999), the court upheld dismissal of an excessive force claim where the plaintiff had been convicted in state court of resisting arrest, reasoning that the prosecution had been required to prove the arrest was "lawful" as an element of the state court offense.  *White*, however, did not consider a conviction entered after a no-contest plea, and *Sigley* makes clear that in such a situation, the lawfulness of the officer's force was not necessarily decided by the state court.  In *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988), the court held, at the summary judgment stage, that *nolo contendere* pleas and related guilty findings of resisting arrest barred subsequent claims that police officers acted without probable cause in arresting and imprisoning plaintiffs.  However, here, plaintiff does not challenge the officers' probable cause to arrest and imprison her, having eliminated her false arrest and imprisonment claims from the First Amended Complaint.

As *Sigley* held, the no-contest plea and conviction do not bar plaintiff's state law claims because the amount and propriety of the officers' force was not necessary to and actually determined by the Ashtabula Municipal Court.

In sum, the Court finds that plaintiff is entitled to proceed past the pleadings stage as to the first, third and fourth causes of action alleged in her proposed First Amended Complaint.

Defendants' remaining arguments in support of their Motion for Judgment on the Pleadings also lack merit or are premature.

Defendants argue they are entitled to judgment on the pleadings as to the second cause of action in plaintiff's First Amended Complaint (a Section1983 claim against the City) on the ground that there "was no underlying constitutional violation." (Def. Br. in Opp./Rep. at 2). Similarly, they argue the individual officers are entitled to qualified immunity and immunity under Ohio Rev. Code § 2744.03(A)(6) because the no-contest plea and conviction conclusively establish the legality of the officers' conduct. However, as discussed above, the Court does not find the no-contest plea and conviction to bar plaintiff's alleged claims at this juncture.

Defendants contend Stell is entitled to qualified immunity on the ground that plaintiff does not allege specific facts showing that he was personally involved in the unconstitutional conduct. (Def. Mot. at 6.) However, the allegations in the First Amended Complaint, viewed in the light most favorable to plaintiff, are sufficient to state at least a "plausible" claim

against Stell. Facts may be developed showing that Stell was personally involved.[4] Stell is not entitled to immunity merely on the basis of the pleadings.

Defendants also argue that plaintiff cannot maintain "her claim against the City of Ashtabula for punitive damages." (Def. Br. in Opp./Rep. at 3.) Plaintiff's First Amended Complaint does not allege a "claim" against the City for punitive damages but, rather, seeks punitive damages generally against all defendants in the prayer for relief. Therefore, it is premature at this juncture to enter a judgment in favor of the City as to any punitive damage "claim."

Finally, defendants argue that "Plaintiff's claims against the individual Defendants in their official capacity must . . . be dismissed" because they are "duplicative of Plaintiff's claims against the City." (Def. Mot. at 3.) A Section 1983 action against a municipal official in his "official capacity" is treated as an action against the municipal entity itself; therefore, it is not necessary for a plaintiff to bring and official capacity action against a government official under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Nevertheless, the Court agrees with the decision of the district court in *Porter v. Columbus*, Case No. C2-06-1055, 2008 WL 202891, at * 6 (S.D. Ohio Jan. 22, 2008) that there is no reason to dismiss claims alleged against municipal officers in their official capacities. In denying a motion for judgment on the pleadings as to alleged official capacity claims, the *Porter* Court stated: "*Monell* and its progeny . . . clearly recognize and condone official capacity claims against

---

[4] Furthermore, plaintiff alleges that Stell "repeatedly, and with deliberate indifference failed to enforce the laws of the State of Ohio and the policies, procedures and regulations of the City of Ashtabula, Ohio Police Department pertaining to the use of force." (Am. Complt. ¶ 40.)

8

local government employees," and "Defendants have provided no binding authority from the Supreme Court or the Court of Appeals" concluding that dismissal of such claims is proper. *Id.* This Court likewise finds no basis for dismissal of plaintiff's "official capacity" claims.

### IV. Conclusion

For all of the reasons discussed above, the Court does not find judgment on the pleadings warranted as to the claims alleged in plaintiff's First Amended Complaint. Further, the Court finds allowing the First Amended Complaint is in the interest of justice.

Accordingly, Plaintiff's Motion for Leave to File a First Amended Complaint *Instanter* is granted, and Defendants' Motion for Judgment on the Pleadings is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/16/11